OPINION
SCHROEDER, Senior Circuit Judge:
Edward Harold Schad is scheduled to be executed by the State of Arizona on October 9, 2013. He was convicted in 1985 of first degree murder in the strangling death of Lorimer Grove. Federal habeas proceedings began in 1997 and in the intervening years have traversed every twist and turn in the path of federal habeas. The case reached Supreme Court review for the third time last summer. The history of the litigation is summarized in its opinion, Ryan v. Schad, — U.S. —, 133 S.Ct. 2548, 2549-50, 186 L.Ed.2d 644 (2013) (per curiam). We set forth a somewhat fuller time line here.
December 14, 1978 — Schad is indicted for first degree murder in Arizona.
June 27-August 29, 1985 — Schad is convicted of first degree murder and sentenced to death.
December 14, 1989 — Schad’s conviction and sentence are affirmed on direct appeal. State v. Schad, [163 Ariz. 411] 788 P.2d 1162 ([]1989).
June 21, 1991 — After granting certiorari (on instruction issues), the Supreme Court affirms. Schad v. Arizona, 501 U.S. 624 [111 S.Ct. 2491, 115 L.Ed.2d 555] (1991).
December 16, 1991 — Schad files for habeas relief in Arizona state court.
June 21, 1996 — The state court dismisses Schad’s petition for habeas relief that claimed ineffective assistance at sentencing.
December 16,1997-Schad files for habeas relief in the district of Arizona.
September 28, 2006 — The district court denies Schad’s petition for habeas relief, Schad v. Schriro, 454 F.Supp.2d 897 *965 (D.Ariz.2006), holding Schad was not diligent in state court and denying on the merits with respect to evidence presented in federal court.
January 12, 2010 — This court reverses the district court and remands to determine whether Schad had been diligent in presenting evidence regarding his mental health to the state court. Schad v. Ryan, 595 F.3d 907, 922-23 (9th Cir.2010).
April 18, 2011 — The Supreme Court grants Arizona’s petition for certiorari and remands back to this court to reconsider its decision in light of the Supreme Court’s opinion in Cullen v. Pinholster, [— U.S. —] 131 S.Ct. 1388 [179 L.Ed.2d 557] (2011). Ryan v. Schad, [— U.S. —] 131 S.Ct. 2092 [179 L.Ed.2d 886] (2011) (per curiam).
November 10, 2011 — This court affirms the district court’s denial of Schad’s habeas petition on the merits. Schad v. Ryan, 671 F.3d 708, 722 (9th Cir.2011) (per curiam).
July 27, 2012 — This court denies Schad’s Motion to Vacate Judgment and Remand in light of Martinez v. Ryan, [— U.S. —] 132 S.Ct. 1309 [182 L.Ed.2d 272] (2012). No. 07-99005(CA9), Docs. 88, 91.
October 9, 2012 — The Supreme Court denies Schad’s certiorari petition. Schad v. Ryan, [— U.S. —] 133 S.Ct. 432 [184 L.Ed.2d 264] (2012).
February 1, 2013 — This court denies Schad’s “Emergency Motion to Continue Stay of the Mandate Pending En Banc Proceedings in Dickens v. Ryan,” and construes it as a motion to reconsider its prior denial of his Motion to Vacate Judgment and Remand in light of Martinez. No. 07-99005(CA9), Doc. 102, pp. 1-2.
February 26, 2013 — This court grants Schad’s Motion to Vacate Judgment and Remand. Schad v. Ryan, No. 07-99005, 2013 WL 791610 (9th Cir. Feb. 26, 2013).
June 24, 2013 — The Supreme Court grants certiorari, reverses, and remands back to this court to issue the mandate. Ryan v. Schad, [— U.S. —] 133 S.Ct. 2548, 2552 [186 L.Ed.2d 644] (2013) (per curiam).
September 4, 2013 — This court issues its mandate affirming the district court’s 2006 denial of habeas relief in all respects pursuant to its third amended opinion of November 10, 2011. No. 07-99005(CA9), Doc. 137, p. 1.
September 19, 2013 — The district court dismisses Schad’s motion for relief under Federal Rule of Civil Procedure 60(b) as an unauthorized second or successive petition. Schad v. Ryan, No. CV-97-02577-PHX-ROS, 2013 WL 5276407 (D.Ariz. Sept. 19, 2013).
Schad now appeals the district court’s dismissal of his Rule 60(b) motion seeking to reopen the district court’s 2006 denial of his original federal habeas petition. Underlying both this proceeding, and the attempts to stay the mandate that led to the Supreme Court’s decision earlier this year, is Schad’s claim that he received ineffective assistance of counsel in his state court sentencing, because his counsel failed to present mitigating evidence of the effect that his childhood abuse had on his mental condition at the time he committed the crime.
Federal court consideration of evidence or claims not presented in the state court is generally barred. See Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), see also Ryan v. Schad, — U.S. —, 131 S.Ct. 2092, 179 L.Ed.2d 886 (2011). The Supreme Court later held, however, in Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), that ineffective assistance of post-conviction counsel in some circum *966 stances can establish cause for lifting the procedural bar to a claim not pursued in state court proceedings. Schad contends that his ineffectiveness claim can now be considered under Martinez.
When this ineffectiveness contention was presented to us in 2012 as a motion to remand, we originally denied it. We reconsidered the denial in light of intervening authority from our court. Schad v. Ryan, No. 07-99005, 2013 WL 791610, at *1 (9th Cir. Feb. 26, 2013). After we attempted to remand the matter to the district court to decide whether Schad’s claim came within the Supreme Court’s holding in Martinez, however, the Supreme Court ruled that there were no extraordinary circumstances justifying our reconsideration of our earlier ruling. Schad, 133 S.Ct. at 2552. Thus, we then issued the mandate for our November 2011 decision and Schad was barred from litigating his ineffectiveness of counsel claim under Martinez.
Schad has now attempted to accomplish the same purpose by filing a Rule 60(b) motion to vacate the district court’s 2006 denial of habeas relief and thus reopen his original habeas petition. He wants to show that his state post-conviction counsel was ineffective in failing adequately to present a claim relating to his mental condition at the time of sentencing. He offers some evidence, principally an affidavit of a medical expert about the effect of his childhood abuse on his adult mental condition, that he has asked the federal courts to consider since these habeas proceedings began, and which we in 2011 effectively ruled was barred by Pinholster, following the Supreme Court’s remand.
The district court in denying the Rule 60(b) motion recognized that Schad had already raised in state court habeas proceedings a claim that trial counsel was ineffective in failing to investigate his childhood abuse. The district court also recognized that the claim now being made, i.e., the failure of trial counsel to develop more evidence, is the same as it had rejected earlier. The district court therefore concluded that it had already ruled on Schad’s claim and that there was no separate procedurally defaulted claim that could be the basis for applying Martinez.
In this appeal, Schad’s principal contention is that the district court erred because he is presenting a different ineffective assistance claim than that presented in state court. He is now contending that the federal claim of counsel ineffectiveness with respect to the effect of childhood abuse is somehow distinct from the earlier claim of ineffectiveness in failing to investigate the childhood abuse itself. The two cannot be so easily separated, however, because the relevant mitigating factor in sentencing was always the effect of the childhood abuse on his adult mental state. As we explained in an earlier opinion, the point of presenting new evidence of Schad’s dismal childhood was to show its effect on his adult mental health. See Schad v. Ryan, 671 F.3d 708 (9th Cir.2011). For example, we wrote:
At the sentencing hearing, defense counsel ... [did not] seek a comprehensive psychiatric evaluation to assess the negative effects of that abuse. [Id. at 720.] The expert [whose affidavit counsel attached] recommended that a comprehensive psychological evaluation be performed. ... [Id. at 721.]
Schad sought to present mitigating evidence ..., including extensive mental health records of [family members], as well as several declarations discussing Schad’s childhood and its effect on his mental health. The first declaration ... provided an extremely detailed discussion of the psychological impact of Schad’s abusive childhood. [Id. at 721-22 (emphasis added).]
*967 The claim presented here is thus not new. It is essentially the same as the claim he brought in his original habeas petition. There is no separate procedurally defaulted ineffectiveness claim.
We do not need to decide whether Rule 60(b) can ever be an appropriate vehicle for bringing a Martinez argument with respect to a proeedurally defaulted claim. The district court in this case correctly held that “[petitioner’s Rule 60(b) motion does not present a new claim; rather, he seeks a second chance to have the merits determined favorably.” Schad v. Ryan, No. CV-97-02577-PHX-ROS, 2013 WL 5276407, at *6 (D.Ariz. Sept. 19, 2013) (internal quotation marks omitted). The district court correctly dismissed the Rule 60(b) motion as a second or successive petition.
AFFIRMED.