RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0266p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

ABU-ALI ABDUR'RAHMAN,

        *Petitioner-Appellant,*

    *v.*

WAYNE CARPENTER, Warden,

        *Respondent-Appellee.*

No. 13-6126

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:96-cv-00380—Todd J. Campbell, Chief District Judge.

Decided and Filed: November 4, 2015

Before: COLE, Chief Judge; SILER and BATCHELDER, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Thomas C. Goldstein, Eric F. Citron, GOLDSTEIN & RUSSELL, P.C., Washington, D.C., for Appellant. Andrew C. Coulam, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

    SILER, J., delivered the opinion of the court in which BATCHELDER, J., joined, and COLE, C.J., joined in part. COLE, C.J. (pp. 10–20), delivered a separate opinion concurring in part and dissenting in part.

———————————

**OPINION**

———————————

    SILER, Circuit Judge. Abu-Ali Abdur'Rahman (formerly known as James Lee Jones), a Tennessee death-row prisoner, appeals the district court's judgment denying his Fed. R. Civ. P. 60(b) motion for relief from the 1998 judgment denying his 28 U.S.C. § 2254 habeas corpus

1

petition. Abdur'Rahman has also filed a motion to remand. For the reasons stated below, we **AFFIRM** the district court's judgment and **DENY** the motion to remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Abdur'Rahman was convicted of first-degree murder, assault with intent to commit first-degree murder, and armed robbery. He was sentenced to death for the murder charge and to life imprisonment for the other charges. The Tennessee Supreme Court affirmed the convictions and sentences. *State v. Jones*, 789 S.W.2d 545 (Tenn. 1990). Abdur'Rahman petitioned for post-conviction relief in state court. He alleged, *inter alia*, ineffective assistance of counsel at sentencing and prosecutorial misconduct for failing to turn over exculpatory evidence. The trial and appellate courts denied him relief. *See Jones v. State*, No. 01C01-9402-CR-00079, 1995 WL 75427 (Tenn. Crim. App. Feb. 23, 1995). Abdur'Rahman filed his § 2254 petition in 1996. In 1998, the district court granted Abdur'Rahman relief on his claim that trial counsel performed ineffectively by failing to investigate and present mitigating evidence. *Abdur'Rahman v. Bell*, 999 F. Supp. 1073, 1091-1102 (M.D. Tenn. 1998). This court vacated the district court's decision, concluding that Abdur'Rahman was not prejudiced by his counsel's performance at sentencing. *Abdur'Rahman v. Bell*, 226 F.3d 696, 708-09, 715 (6th Cir. 2000).

Abdur'Rahman filed a Rule 60(b) motion in 2001. After procedural rulings by the district court, this court, and the Supreme Court, we granted Abdur'Rahman a certificate of appealability with respect to two claims: whether the prosecution violated Abdur'Rahman's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding his codefendant's pretrial statements, and whether the prosecution violated *Brady* by withholding a police report which indicated that Abdur'Rahman was mentally disturbed at the time of his arrest. We held that the prosecution did not violate *Brady* with respect to the codefendant's pretrial statements because Abdur'Rahman knew the content of the statements and knew that the codefendant had met with the prosecution before trial. *Abdur'Rahman v. Colson*, 649 F.3d 468, 474-75 (6th Cir. 2011). Regarding Abdur'Rahman's behavior after he was arrested, we found that trial counsel knew something happened after his arrest, interviewed the police officer about what happened, and could have obtained a separate report on the incident. Therefore, the suppression of the report did not undermine our confidence in Abdur'Rahman's sentence. *Id*. at 475-76. Abdur'Rahman

also argued that the two *Brady* claims certified for appeal should have been cumulated with prosecutorial misconduct or ineffective assistance of counsel claims from his habeas petition. We concluded that because Abdur'Rahman had failed to raise a cumulative error claim in state court he could not raise one for the first time in habeas. *Id.* at 473. Moreover, review of the cumulative error arguments was foreclosed because they were not certified for appeal. *Id.*

The subject of this appeal is the Rule 60(b) motion Abdur'Rahman filed in March 2013. He asked the district court to reopen claims he alleged had been found procedurally defaulted, arguing that in the wake of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), "the federal courts have no interest in enforcing a judgment now shown to be predicated on non-existent procedural defaults." The district court directed Abdur'Rahman to state each claim for which he sought relief from judgment, cite where that claim appears in the Amended Petition, and cite where the district court dismissed the claim on procedural grounds. Abdur'Rahman responded by stating that he was presenting two claims: (1) cumulative error affecting his sentencing arising from prosecutorial misconduct and ineffective assistance of counsel; and (2) an improper jury instruction regarding accomplice testimony and trial counsel's and appellate counsel's failure to challenge the instruction. The district court concluded that *Martinez* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), did not apply to cases arising in Tennessee because Tennessee courts offer a meaningful opportunity to raise claims of ineffective assistance of trial counsel on direct appeal. However, the district court subsequently granted a certificate of appealability on "the issue of whether the Respondent's procedural defenses to certain claims are still viable in light of the Supreme Court's decisions in *Martinez* . . . and *Trevino*."

After the district court issued its certificate of applicability, this court ruled that *Martinez* and *Trevino* are applicable to criminal convictions in Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 789 (6th Cir. 2014). In response to that decision, Abdur'Rahman filed a motion for remand back to the district court. The motion was subsequently referred to this panel for consideration along with the merits.

## STANDARD OF REVIEW

This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013), *cert. denied,*

134 S. Ct. 998 (2014). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment, and such circumstances rarely occur in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). "[I]t 'is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief.'" *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014), *cert denied*, 135 S. Ct. 1708 (2015) (quoting *McGuire*, 738 F.3d at 750; *see also Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

## APPLICABLE LAW

In *Martinez*, the Supreme Court held that ineffective assistance or lack of collateral counsel may constitute cause to excuse the procedural default of an ineffective assistance of trial counsel claim. *Martinez*, 132 S. Ct. at 1320. "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. A substantial claim is one that has some merit and is debatable among jurists of reason. *Id*. at 1318-19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). *Martinez* only permits ineffective assistance of post-conviction counsel to excuse the default of ineffective assistance of trial counsel claims, and does not extend to "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320. Moreover, *Martinez* does not apply to excuse the default of a claim of ineffective assistance of appellate counsel. *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 1545 (2015).

*Trevino* applied the *Martinez* exception to Texas "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. at 1921. Because *Martinez* and *Trevino* apply in Tennessee, "ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee

defendant's procedural default of a substantial claim of ineffective assistance at trial." *Sutton*, 745 F.3d at 795-96 (citing *Martinez*, 132 S. Ct. at 1320). Tennessee's procedural law makes it almost impossible for a defendant to present an ineffective assistance of trial counsel claim on direct appeal, and Tennessee courts have directed defendants to raise such claims on collateral review. *Id.* at 792-93.

## DISCUSSION

In light of our decision in *Sutton*, it is clear that the district court erred when it ruled that *Martinez* and *Trevino* did not apply to a case arising in Tennessee. However, the issue certified for appeal was whether *Martinez* and *Trevino* had an impact on the specific claims raised by Abdur'Rahman, and we may affirm a district court's ruling on any ground supported by the record. *United States v. Phillips*, 752 F.3d 1047, 1049 (6th Cir. 2014), *cert denied*, 135 S. Ct. 464 (2014).

Although *Martinez* applies to cases arising in Tennessee, it does not apply to the claims in Abdur'Rahman's motion. The first claim is not one of ineffective assistance of trial counsel. The second claim, to the extent it includes a claim of ineffective assistance of trial counsel, was not defaulted. And even if *Martinez* did apply, that case was a change in decisional law and does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief. *See Henness*, 766 F.3d at 557. Nor does Abdur'Rahman point to any other extraordinary circumstances; there are no newly developed facts since the denial of his habeas petition and previous Rule 60(b)(6) motion and the *Martinez* exception is not a change in the constitutional rights of criminal defendants, *see Martinez*, 132 S. Ct. at 1318.

## I. Cumulative Error

In earlier litigation, Abdur'Rahman asserted that he was not making a separate claim of cumulative error. *Abdur'Rahman*, 999 F. Supp. at 1083 n.10. In his most recent appeal, Abdur'Rahman argued as he does now that his individual *Brady* claims should be cumulated with prosecutorial misconduct or ineffective assistance of counsel claims from his § 2254 petition. This court held that he had procedurally defaulted his cumulative error claim by failing to raise it on direct appeal or in post-conviction proceedings and that it was not certified for

appeal. *Abdur'Rahman*, 649 F.3d at 472-73. *Martinez* does not provide grounds for Abdur'Rahman to excuse the default of his cumulative error claim because the Supreme Court limited its ruling to the default of substantial claims of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1320. Abdur'Rahman argues that his direct appeal counsel were ineffective for failing to preserve his cumulative error claim. But *Martinez* does not apply to claims of ineffective assistance of appellate counsel. *See Martinez*, 132 S. Ct. at 1320; *Hodges*, 727 F.3d at 531.

Even if we were to dissect the cumulative error claim and separately analyze Abdur'Rahman's underlying claims of *Brady* violations and prosecutorial misconduct, *Martinez* would not apply to those claims because the Court limited *Martinez* to claims of ineffective assistance of trial counsel that were procedurally defaulted by lack of or ineffective assistance of post-conviction counsel. *Martinez*, 132 S. Ct. at 1320; *see also Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (refusing to extend *Martinez* to a *Brady* claim defaulted by state post-conviction counsel), *cert. denied*, 134 S. Ct. 1771 (2014). Moreover, even if *Martinez* applied to these types of claims, it would not apply here because, as we explain below, Abdur'Rahman did not default them.

In his Rule 60(b) motion, Abdur'Rahman listed seven instances of prosecutorial misconduct that he claimed contributed to his cumulative error claim. First, he alleged that the prosecution withheld the transcript of Abdur'Rahman's 1972 murder trial, which he claimed could have established that he had been mentally ill since that time and that he killed the victim in that case because of the victim's homosexual advances rather than a drug turf war. We reviewed the claim on its merits and found no *Brady* violation. *Abdur'Rahman*, 649 F.3d at 478. Second, Abdur'Rahman charged that the prosecutor withheld a report by Detective Mark Garafola about Abdur'Rahman's behavior on the day of his arrest, which Abdur'Rahman claimed would have shown he was mentally disturbed. We again found no *Brady* violation. *Id.* at 476-78.

Third, Abdur'Rahman alleged that the prosecution withheld evidence from a pre-trial statement by a co-defendant that the murder was orchestrated by the South East Gospel Ministry (SEGM). We found no *Brady* violation because Abdur'Rahman knew that the co-defendant had

talked to the prosecutor about the SEGM and Abdur'Rahman testified similarly at trial. *Id*. at 473-75. Fourth, Abdur'Rahman claimed that the prosecutor lied to the trial court about Abdur'Rahman's mental illness. After a series of appeals and remands, the district court reviewed the claim on the merits and denied it. *Abdur'Rahman v. Bell*, No. 3:96-0380, 2009 WL 211133, at *16 (M.D. Tenn. Jan. 26, 2009).

Fifth, Abdur'Rahman alleged that the prosecutor lied to defense counsel about the 1972 conviction. According to Abdur'Rahman, the prosecutor told defense counsel that an FBI agent could testify that Abdur'Rahman killed the other prisoner as part of a drug turf war and defense counsel was too intimidated to put on evidence about the crime. The district court addressed the merits and found that there was no prosecutorial misconduct. *Id.* at *17. Sixth, Abdur'Rahman claimed that the prosecutor lied to the jury about Abdur'Rahman's culpability by arguing that the defense's theory that the SEGM orchestrated the killing was "bunk." The district court rejected the claim on the merits. *Id.* at *6-9. Seventh, Abdur'Rahman charged that the prosecutor showed the jury an indictment against Abdur'Rahman for robbery in violation of a trial court order. The district court also addressed the merits of this claim. *Id.* at *18. *Martinez* does not apply to claims that were fully adjudicated on the merits in state court because those claims are, by definition, not procedurally defaulted. *Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 2662 (2014); *see also Dansby v. Hobbs*, 766 F.3d 809, 840 (8th Cir. 2014) (holding that *Martinez* did not apply to ineffective assistance of counsel sub-claims that were not defaulted by post-conviction counsel), *cert. denied*, __ S. Ct. (2015); *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1260-61 (11th Cir.) (holding that *Martinez* did not apply to case where ineffective assistance of trial counsel claims were reviewed on the merits in a § 2254 proceeding), *cert. denied*, 135 S. Ct. 64 (2014); *Schad v. Ryan*, 732 F.3d 963, 966-67 (9th Cir.) (affirming denial of Rule 60(b) relief because petitioner's "new" claim of ineffective assistance of trial counsel involved the same allegation as his original ineffectiveness claim), *cert. denied*, 134 S. Ct. 417 (2013). Because the prosecutorial misconduct and *Brady* claims were decided on the merits and not procedurally defaulted, *Martinez* does not apply.

Abdur'Rahman also argues that his trial counsel failed to investigate and present mitigating evidence. The state court found that Abdur'Rahman's counsel's performance was deficient but that he had not shown prejudice. *Jones*, 1995 WL 75427, at *2. We agreed. *Abdur'Rahman*, 226 F.3d at 708. *Martinez* does not apply to claims that were fully adjudicated on the merits in state court. *See Martinez*, 132 S. Ct. at 1320; *Dansby*, 766 F.3d at 840; *Lambrix*, 756 F.3d at 1260-61; *Detrich*, 740 F.3d at 1246; *Schad*, 732 F.3d at 966-67. Accordingly, Abdur'Rahman cannot relitigate this claim, and the viability of the Warden's procedural defenses is unaffected by *Martinez* and *Trevino*.

## II. Improper Jury Instruction Regarding Accomplice Testimony

*Martinez* is also inapplicable to Abdur'Rahman's claims that the trial court failed to instruct the jury that it could not convict Abdur'Rahman unless there was evidence to corroborate his accomplice's testimony, and that trial and appellate counsel were ineffective for failing to raise this issue. *Martinez* applies only to claims of ineffective assistance of trial counsel, not trial errors or claims of ineffective assistance of appellate counsel. *See Martinez*, 132 S. Ct. at 1320; *Dansby*, 766 F.3d at 833; *Hodges*, 727 F.3d at 531; *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). This disposes of the first and third components of Abdur'Rahman's argument.

Abdur'Rahman does not show, nor do the district court decisions reflect, whether he procedurally defaulted the ineffective assistance of trial counsel component of this claim. If he did not, *Martinez* would not apply because the claim is not defaulted. *See Martinez*, 132 S. Ct. at 1320; *Dansby*, 766 F.3d at 840; *Lambrix*, 756 F.3d at 1260-61; *Detrich*, 740 F.3d at 1246; *Schad*, 732 F.3d at 966-67.

If, however, he did default the claim, the *Martinez* exception would not apply because the underlying claim is not substantial. *See Martinez*, 132 S. Ct. at 1320. Under Tennessee law, a conviction cannot be based upon the uncorroborated testimony of an accomplice. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994), *superseded by statute on other grounds as stated in State v. Odom*, 137 S.W.3d 572, 580-81 (Tenn. 2004). There must be independent evidence, however slight, from which the jury can infer that the defendant committed the crime. *State v. Gaylor*, 862 S.W.2d 546, 552 (Tenn. Crim. App. 1992). A trial court's failure to give an

accomplice instruction can be harmless error if the accomplice's testimony is corroborated sufficiently. *See State v. Ballinger*, 93 S.W.3d 881, 888 (Tenn. Crim. App. 2001), *overruled on other grounds by State v. Collier*, 411 S.W.3d 886, 899-900 (Tenn. 2013). Abdur'Rahman's codefendant was an accomplice as a matter of law, so the trial court should have instructed the jury that his testimony had to be corroborated. *See State v. Robinson*, 239 S.W.3d 211, 227-28 (Tenn. Crim. App. 2006); *State v. Perkinson*, 867 S.W.2d 1, 7-8 (Tenn. Crim. App. 1992).

On direct appeal, Abdur'Rahman challenged the sufficiency of the evidence to support his conviction for first-degree murder. The Tennessee Supreme Court concluded that, although there was some conflict between the co-defendant's testimony and that of other prosecution witnesses, the evidence was sufficient to uphold the conviction. The surviving victim of Abdur'Rahman's attack testified, and there was physical evidence tying him to the crimes. *Jones*, 789 S.W.2d at 550. Because there was sufficient evidence to corroborate the accomplice's testimony, any error by the trial court in its jury instructions was harmless. *See Ballinger*, 93 S.W.3d at 888. Because Abdur'Rahman was not prejudiced by his trial counsel's failure to request a jury instruction about the need for evidence to corroborate his accomplice's testimony, the claim he seeks to reopen is not substantial. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, the Warden's procedural defenses to this ineffective-assistance-of-counsel claim are unaffected by *Martinez* and *Trevino*.

As a change in decisional law, *Martinez* does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief. *Henness*, 766 F.3d at 557. Moreover, none of Abdur'Rahman's claims involve substantial claims of ineffective assistance of trial counsel that were procedurally defaulted by inadequate post-conviction counsel. Therefore, *Martinez* does not apply to the claims in Abdur'Rahman's Rule 60(b) motion.

## CONCLUSION

For the foregoing reasons, the district court's judgment is **AFFIRMED**, and the motion to remand is **DENIED**.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

COLE, Chief Judge, concurring in part and dissenting in part. As an initial matter, I concur with the majority in its conclusion that the district court clearly erred in dismissing Abdur'Rahman's Rule 60(b) motion on the basis that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), do not apply to cases arising in Tennessee. Maj. Op. at 5. Our decision in *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), squarely determines this issue. As this is the only question before us, I would remand on that issue alone, without reaching the merits of Abdur'Rahman's claims.

However, the majority goes on to consider the merits of Abdur'Rahman's Rule 60(b) motion, including (1) whether that motion should be granted, (2) whether Abdur'Rahman's claims qualify under the *Martinez/Trevino* exceptions, and (3) whether Abdur'Rahman could be successful on his claims. These issues are not properly before this court, nor were they actually presented to this court.[1] Because I disagree with the majority's conclusions on each of these issues, I dissent.

**I. Limited Issue on Appeal**

In response to Abdur'Rahman's initial habeas petition, the Warden "argue[d] that the Court should not reach the merits of several of [Abdur'Rahman's] claims because [Abdur'Rahman] failed to raise those claims in state court, and has, therefore, procedurally defaulted those claims." *Abdur'Rahman v. Bell*, 999 F. Supp. 1073, 1079 (M.D. Tenn. 1998) *aff'd in part, vacated in part on other grounds*, 226 F.3d 696 (6th Cir. 2000). In 2013, Abdur'Rahman filed a Rule 60(b) motion arguing that, in light of *Martinez/Trevino*, certain of his claims were no longer procedurally defaulted. The district court dismissed, finding that Abdur'Rahman's "request to reconsider his claims, under Rule 60 or otherwise, should be denied because the *Martinez/Trevino* decisions do not apply to reverse the findings of procedural default." *Rahman v. Carpenter*, No. 3:96-0380, 2013 WL 3865071, at *3 (M.D. Tenn. July 25,

---

[1]To the extent the Warden raises these issues in opposition to Abdur'Rahman's motion for remand, they are not proper and cannot be considered in this context. *See* Dkt. 38; *see also* Abdur'Rahman's Reply, Dkt. 39.

2013).  This decision was based *solely* on the fact that the district court did not believe *Martinez* and *Trevino* applied to the Tennessee courts:

> Unlike defendants in Texas, defendants in Tennessee are not faced with a system in which it is "highly unlikely" they will have "a meaningful opportunity" to raise a claim of ineffective assistance of trial counsel during the direct appeal process. As the cases cited above indicate, procedural rules allow Tennessee defendants such a meaningful opportunity through the motion for new trial and evidentiary hearing mechanism. That most defendants choose to defer raising such a claim until the post-conviction process does not mean that raising the claim on direct appeal is "virtually impossible" as was the case in *Trevino*.

*Id.* at *6.  The district court did not consider the merits of Abdur'Rahman's claims or even whether the particular claims asserted would be sufficient if *Martinez/Trevino* applied.  *See id.* at *3–6.  Neither should we decide these issues.

We may not conduct appellate review of an order unless there exists a "certificate of appealability [to] indicate which *specific issue or issues* satisfy" a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)–(3) (emphasis added).  Our review is thus limited to that issue.  While we may "affirm a district court's ruling on any ground supported by the record," we may not review issues not properly before us on appeal.  *See, e.g., id.*;  28 U.S.C. §§ 1291, 1331.

Here, the certificate of appealability is limited to "the issue of whether *the Respondent's procedural defenses* to certain claims are still viable in light of the Supreme Court's decisions in *Martinez* and *Trevino*."  (R. 377 (emphasis added).)  Based on our decision in *Sutton*, the answer to this question is a simple "no."  Respondent cannot continue to assert the defense that Abdur'Rahman's claims are procedurally barred for failure to present them in state court.  *See* Maj. Op. at 5 (citing *Sutton*, 745 F.3d at 795–96) (acknowledging "it is clear that the district court erred when it ruled that *Martinez* and *Trevino* did not apply to a case arising in Tennessee.").  I would end our inquiry here and remand to the district court for further proceedings.

**II.  Whether Petitioner's Rule 60(b) Motion Should Be Granted**

We have previously held that "*Martinez* was a change in decisional law and does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief."  Maj. Op. at 5. However, Abdur'Rahman did not limit his motion to relief under subsection (6).  (*See* Mot., R. 351, PageID 383.)   Instead, the district court should review Abdur'Rahman's motion to determine whether it meets the requirements under any of the permissible grounds for relief. Fed. R. Civ. P. 60(b).  For example, the court's refusal to decide Abdur'Rahman's claims on the merits, despite their procedural default, could be considered a "mistake" under Rule 60(b)(1). *See Bell*, 493 F. 3d at 741 (holding the motion was more appropriately analyzed under Rule 60(b)(1), because the district court made a mistake when it determined that Abdur'Rahman's claim was not exhausted in state court) (opinion vacated by en banc).

Even if Abdur'Rahman's motion did rest on subsection (6), "[t]he decision to grant Rule 60(b)(6) relief is a *case-by-case* inquiry that requires the *trial court* to intensively balance *numerous factors*, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."  *E.g.*, *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (citations omitted) (emphasis added); *accord* Order, R. 312, PageID 15 (6th Cir. Jan. 18, 2008) (finding Abdur'Rahman's 2001 Rule 60(b) motion was timely and remanding to district court "for a determination of whether the motion should be granted.") (Siler, J.).  As we have previously held, this decision is best left in the hands of the district court.

**III.  Whether the Motion Raises *Martinez/Trevino* Claims**

**A.  The District Court should determine this question**

Similarly, the district court should determine, in the first instance, whether Abdur'Rahman's claims qualify under *Martinez/Trevino*.  Notably, the two principal Supreme Court cases at issue were remanded to the district court. *See Martinez*, 132 S. Ct. at 1321, *on remand*, 680 F.3d 1160, 1160 (9th Cir. 2012) ("The district court properly applied the law as it stood at the time of Martinez's petition.  However . . . the Supreme Court changed the law. Therefore, the district court's denial of Martinez's petition for habeas corpus on the basis that his

claim was procedurally defaulted is REVERSED, and the matter is REMANDED for proceedings consistent with the Supreme Court's opinion."); *Trevino*, 133 S. Ct. at 1921, *on remand*, 740 F.3d 378, 378 (5th Cir. 2014) ("[W]e remand to the district court for full reconsideration of the Petitioner's ineffective assistance of counsel claim in accordance with both *Trevino* and *Martinez*."). These courts recognized that the district court is best suited to conduct an initial review of the merits of previously procedurally defaulted ineffective-assistance-of-trial and post-conviction counsel claims.

In a similar case, our court recognized that the district court is best suited to make these kinds of determinations under *Martinez/Trevino*.

> [Petitioner] maintains that, by granting a COA, we have already determined that [Petitioner's] IATC claims are "substantial," and therefore, we should remand with direction for the district court to determine solely whether prejudice exists so as to excuse his procedural default. . . . We disagree. First, *Sutton* held that: "ineffective assistance of post-conviction counsel *can*"—but does not by the mere fact of being raised—"establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial." 745 F.3d at 795–96 (emphasis added). Moreover, in *Martinez,* the Supreme Court remanded the case, directing the lower court to determine: (1) "whether [the petitioner's] attorney in his first collateral proceeding was ineffective"; (2) whether his claim of IATC was "substantial"; and (3) whether the petitioner was prejudiced. 132 S. Ct. at 1321; *Schriro,* 2012 WL 5936566, at *1–2 (noting the requirements on remand). The Court in *Trevino* provided similar guidance, indicating: "we do not decide here whether Trevino's claim of ineffective assistance of trial counsel is substantial or whether Trevino's initial state habeas attorney was ineffective." 133 S. Ct. at 1921. The Court left those issues and merit issues "to be determined on remand." *Id.* We follow suit.

*Atkins v. Holloway*, 792 F.3d 654, 660–61 (6th Cir. 2015) (Siler, J.). We reached a similar conclusion in another case:

> In *Trevino* itself, the district court had alternatively ruled that the IATC claims failed to demonstrate the necessary prejudice. This merits ruling did not deter the Supreme Court from using *Trevino* as a vehicle for promulgating an expansion of the procedural default exception created by *Martinez*. And on remand from the Supreme Court, the Fifth Circuit did not reaffirm the district court based on the alternative merits ruling, but instead remanded the whole matter back to the district court for "full reconsideration of the Petitioner's ineffective assistance of counsel claim." [Petitioner] has thus far been unable to obtain an evidentiary hearing on his IATC claims in either state post-conviction proceedings or federal

habeas proceedings. This absence of factual development (which nullifies a key advantage of bringing such IATC claims in collateral proceedings) hamstrings this court's ability to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." We therefore remand this matter back to the district court for a "full reconsideration" of the four IATC claims that were not previously presented to the Kentucky courts in collateral proceedings and consideration of whether to conduct an evidentiary hearing. This reconsideration would first address whether [Petitioner] can demonstrate (1) the absence or ineffective assistance of his post-conviction counsel and (2) the "substantial" nature of his underlying IATC claims. If Woolbright can demonstrate these two elements and therefore establish cause to excuse his procedural default, the district court can then reconsider whether Woolbright can establish prejudice from the alleged ineffective assistance of trial counsel.

*Woolbright v. Crews*, 791 F.3d 628, 637 (6th Cir. 2015) (Siler, J.). Likewise, other cases have recognized that the district court is best suited to determine, in the first instance, whether a petitioner has established cause to excuse a procedural default. *See, e.g.*, *Leberry v. Howerton*, 583 F. App'x 497, 498 (6th Cir. 2014), *as corrected* (Nov. 6, 2014) (Cole, C.J.) (unpub.) ("[Petitioner] can establish cause, but the district court did not determine if [petitioner] could demonstrate prejudice to overcome his procedural default. Therefore, we reverse and remand this issue to the district court to consider whether [petitioner] can establish prejudice."); *Grimes v. Superintendent Graterford SCI*, No. 14-1146, 2015 WL 4461824, at *2 (3d Cir. July 22, 2015) (reversing district court's dismissal of ineffective-assistance-of-trial-counsel claims as procedurally defaulted and remanding for an evidentiary hearing); *Butler v. Stephens*, No. 09-70003, 2015 WL 5235206, at *17 (5th Cir. Sept. 9, 2015) ("[W]e conclude that the trial court should, in the first instance, be allowed to apply *Martinez* in accordance with *Trevino* to determine whether [petitioner] can demonstrate cause for his procedural default and whether his claims have some merit under *Martinez*.").

Further, the question at this stage should be limited to whether there is *cause* to excuse the procedural default of certain claims, not whether Abdur'Rahman can *ultimately succeed* on his claim that trial counsel was ineffective:

> "Cause," however, is not synonymous with "a ground for relief." A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.

*Martinez*, 132 S. Ct. at 1320.  Whether Abdur'Rahman can succeed on the merits of his claims is best left to the trial court in the first instance, in light of all relevant evidence.  As we have done before, we should "remand[] the whole matter back to the district court for 'full reconsideration of the Petitioner's ineffective assistance of counsel claim.'"  *See Woolbright*, 791 F.3d at 637.

## B.  Petitioner's claims are *Martinez/Trevino* claims

Having chosen not to remand, we must apply *Martinez/Trevino* to Abdur'Rahman's claims.  In *Martinez*, the Supreme Court determined that "[i]nadequate assistance of counsel at initial-review-collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.  The Supreme Court distinguished between a habeas argument that solely relies on post-conviction counsel's ineffectiveness versus a habeas argument that post-conviction counsel was ineffective and defaulted a claim that trial counsel was ineffective:

> In this case, for example, Martinez's "ground for relief" is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA does not bar. Martinez relies on the ineffectiveness of his post-conviction attorney to excuse his failure to comply with Arizona's procedural rules, not as an independent basis for overturning his conviction. In short, while § 2254(i) precludes Martinez from relying on the ineffectiveness of his post-conviction attorney as a "ground for relief," it does not stop Martinez from using it to establish "cause."

*Id.* at 320 (citing *Holland v. Florida*, 560 U.S. 631, 649–50 (2010) (finding that post-conviction counsel's "egregious" and "extraordinary" conduct that time-barred a prisoner's habeas claims may equitably toll the statute of limitations for filing a petition for a writ of habeas corpus)).

In *Trevino*, the Supreme Court extended its *Martinez* holding to apply to states in which a defendant is permitted to raise claims of ineffective assistance of counsel on direct review, but the structure and design of the state system "make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." *Trevino*, 133 S. Ct. at 1915.

Thus, to raise a claim for ineffective-assistance-of-trial-counsel in habeas proceedings under the exceptions set forth in *Martinez/Trevino*, a petitioner must allege that (1) trial counsel was ineffective; (2) counsel in the initial-review-collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668

(1984); (3) the claim of ineffective-assistance-of-trial-counsel was procedurally defaulted; and (4) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit—*not* that the prisoner will ultimately prevail on his claim. *See Martinez*, 132 S. Ct. at 1318–19 (citations omitted). Here, Abdur'Rahman met these requirements.

### 1. Petitioner alleges trial counsel was ineffective

Abdur'Rahman argues that his trial counsel was ineffective in failing to address cumulative errors[2] and correct the accomplice jury instruction. (*See* Pet'r Statement, R. 367, PageID 520–23.) This is sufficient to meet the first prong of the *Martinez/Trevino* test.

### 2. Petitioner alleges post-conviction counsel was ineffective

*Martinez* does not apply to claims of ineffective assistance of appellate counsel. *See Atkins*, 792 F.3d at 661 (holding that ineffectiveness of post-conviction counsel could establish cause to reopen judgment, but ineffectiveness of post-conviction appellate counsel could not). However, as evidenced by the briefs in this court and in the filings below, Abdur'Rahman does not simply claim that his appellate counsel was ineffective—he claims that post-conviction counsel was ineffective in failing to assert that (1) trial counsel was ineffective and (2) direct appeal counsel was ineffective. The applicability of *Martinez/Trevino* to Abdur'Rahman's motion is further augmented by the fact that Abdur'Rahman's direct appeal counsel was the

---

[2]It is unclear, based on the limited record on the motion, whether Abdur'Rahman argues that the underlying *Brady* and prosecutorial misconduct claims are also claims for ineffective-assistance-of-trial-counsel. The motion states "to secure relief under *Martinez*, Abdur'Rahman must establish . . . post-conviction counsel was ineffective . . . for failing to otherwise allege that trial or appellate counsel were ineffective for failing to raise the cumulative error claim." (Mot., R. 351, PageID 392.) Under *Martinez/Trevino*, this could be sufficient cause to excuse the default. However, the motion also states "Abdur'Rahman's cumulative error claim is not defaulted because . . . post-conviction counsel was ineffective for failing to present this winning claim during the state post-conviction process." (*Id.* at 392–93.) This would not be sufficient cause under *Martinez/Trevino* because it relies solely on errors in post-conviction proceedings. The motion goes on to argue "the totality of the prejudice flowing both from counsel's ineffectiveness at sentencing and the prosecution's misconduct . . . presents not just a substantial cumulative error claim, but a meritorious one on which he is entitled to habeas relief." (*Id.* at 393.) This statement appears to again equate the prosecutorial misconduct claims and ineffective-assistance-of-counsel claims, which would suffice under *Martinez/Trevino*. Further development of the record is required to determine whether the cumulative error claim is a claim for ineffective-assistance-of-trial-counsel. In considering this very question before, I concluded these claims were linked: "The *Brady* violations and *Strickland* ineffective assistance fed off each other at trial in a perverse symbiosis that infected the verdict with constitutional error." *Abdur'Rahman v. Colson*, 649 F.3d 468, 483 (6th Cir. 2011) (Cole, J., dissenting).

same as his post-conviction counsel. (*See, e.g.*, Supplemental Auth., R. 353, PageID 455.) Recognizing this, Abdur'Rahman interchangeably refers to appellate counsel's and post-conviction counsel's ineffectiveness as the basis for this motion. (*See generally*, *id.*; Mot., R. 351.) Thus, Abdur'Rahman's arguments regarding "appellate counsel's ineffectiveness" are one and the same with his arguments regarding "post-conviction counsel's ineffectiveness." These are the very types of claims to which *Martinez* and *Trevino* do apply. This is sufficient to meet the second prong of the *Martinez/Trevino* test.

### 3. Petitioner's claims were procedurally defaulted

Abdur'Rahman alleges the claims in his present motion were procedurally defaulted because his ineffective post-conviction counsel failed to raise these issues. (*Id.*) Assuming the cumulative error claim is a claim for ineffectiveness of trial counsel, it was clearly procedurally defaulted. This court noted

> Because Abdur'Rahman raised these cumulative error arguments for the first time on habeas review, we may not consider them here. . . . Under our own circuit's precedent, however, cumulative error arguments must be raised separately in the state court and are subject to procedural default on habeas review. Abdur'Rahman failed to raise these cumulative error claims on direct appeal or during post-conviction relief in state court. Instead, he only raised a generalized cumulative error argument for the first time in his habeas petition. Because we are bound by this circuit's prior precedents, Abdur'Rahman cannot raise either cumulative error argument here.

*Abdur'Rahman v. Colson*, 649 F.3d 468, 472–73 (6th Cir. 2011) (citations omitted).

Abdur'Rahman's claim that trial counsel was ineffective for failing to challenge the accomplice jury instruction was also procedurally defaulted.

> Petitioner next argues that he has exhausted his claim that the trial court erred by failing to instruct the jury that accomplice testimony must be corroborated by independent evidence. . . . [T]his claim was not fairly presented to the state courts, and has not been exhausted. . . . Petitioner has failed to exhaust all the claims to which Respondent has asserted a procedural default defense. . . . Thus, because Petitioner has no remedy currently available in state court, these claims are procedurally defaulted.

*Bell*, 999 F. Supp. at 1081, 1083.**[3]**　This is sufficient to meet the third prong of the *Martinez/Trevino* test.

### 4. Petitioner's claims are substantial

#### a. Cumulative Error

Abdur'Rahman seeks to litigate whether the decision in his case would have been different "given the *cumulative error* arising from counsel's ineffective assistance at sentencing and prosecutorial misconduct." (*E.g.*, Mot., R. 351, PageID 383 (emphasis added).)　The district court and this court considered the merits of Abdur'Rahman's individual prosecutorial misconduct claims and trial counsel's failure to investigate and present mitigating evidence at sentencing.　However, Abdur'Rahman's *separate claim* of cumulative error was *never* adjudicated on the merits and was *specifically* procedurally defaulted.　*See Colson*, 649 F.3d at 472–73.

It is important to look closely at the decisions on these individual claims and the significance of those findings to a cumulative error argument.　The decisions on most of Abdur'Rahman's claimed errors held there was no *Brady* violation or prosecutorial misconduct because there was no *prejudice*—the court did not find in each instance that there was no *error*. *See, e.g.*, *Rahman v. Bell*, No. 3:96-0380, 2009 WL 211133, at *4–6 (M.D. Tenn. Jan. 26, 2009), *aff'd sub nom. Colson*, 649 F.3d 468 (6th Cir. 2011) (finding, among other issues, Abdur'Rahman "failed to establish materiality resulting from the delay in providing the statement to the defense" and "Petitioner has failed to show that any failure to disclose was prejudicial to the Petitioner.")　Further, the court specifically found that sentencing counsel was ineffective, but Abdur'Rahman was not prejudiced.　*See Abdur'Rahman v. Bell*, 226 F.3d 696, 708 [6th Cir. 2000).　These findings are critical to a cumulative error argument because "[t]he *cumulative* effect of errors that are harmless *by themselves* can be so prejudicial as to warrant a new trial." *E.g.*, *United States v. Adams*, 722 F.3d 788, 832 (6th Cir. 2013) (emphasis added)

---

**[3]**It is unclear if Abdur'Rahman actually raised this claim in the state court.　However, this is irrelevant because the *Martinez/Trevino* exception relies on a claim *not* being presented in state post-conviction proceedings because post-conviction counsel was ineffective.　At the very least, this merits remand for further development of the record to determine whether this claim was in fact raised and whether it was procedurally defaulted.　If post-conviction counsel was ineffective and failed to bring or exhaust the claim, it is viable under *Martinez/Trevino*.

(citations omitted). Here, where Abdur'Rahman cited several different claims of error which were decided separately, in several different opinions, by several different courts, it is important to finally consider these errors *together*. *See, e.g.*, *id.* ("Although no one of the six identified errors may warrant reversal on its own, the cumulative effect of these errors rendered defendants' trial fundamentally unfair in violation of their rights to due process.") (quoting *Walker v. Engle*, 703 F.2d 959, 968 (6th Cir. 1983) ("We need not determine whether each of the alleged errors would, alone, require that we find a deprivation of due process. It is clear that the cumulative effect of the conduct of the state was to arouse prejudice against the defendant to such an extent that he was denied fundamental fairness."); *United States v. Parker*, 997 F.2d 219, 221 (6th Cir. 1993) ("After examining [the errors] together, however, we are left with the distinct impression that . . . due process was not satisfied in this case.")).

This court previously found that the prosecution withheld several pieces of evidence, but they were not individually material or prejudicial, and that Abdur'Rahman's trial counsel's performance at sentencing was deficient, but not prejudicial. *See, e.g.*, *Bell*, 226 F.3d at 707–09. It is possible, upon further development of the legal arguments, in considering this question for the first time, that the court could find the cumulative nature of trial counsel's deficient performance was in fact prejudicial. This claim has merit under the fourth prong of the *Martinez/Trevino* test.

### b. Accomplice Jury Instruction

Abdur'Rahman also argues the accomplice jury instruction provides cause to excuse the procedural default of his ineffectiveness-of-trial-counsel claim. While *Martinez* does not broadly apply to trial errors, it does apply if those errors were the result of ineffective-assistance-of-trial-counsel. Abdur'Rahman argues that trial counsel failed to challenge the jury instruction and was thus ineffective. (Mot., R. 351, PageID 422.) He further argues that post-conviction counsel, interchangeable with appellate counsel, failed to raise trial counsel's ineffectiveness in failing to challenge the improper jury instruction.

The court has never considered Abdur'Rahman's argument regarding the accomplice jury instruction. While the inquiry into whether sufficient evidence existed to support Abdur'Rahman's conviction may have some overlap with the inquiry into whether trial counsel

was ineffective in failing to challenge the accomplice jury instruction, it is not the same and requires a separate analysis. It is possible, upon further development of the legal arguments, that the failure to raise this issue at trial was prejudicial to Abdur'Rahman, particularly when viewed in light of other cumulative errors. It is further possible that post-conviction counsel was ineffective in failing to raise this deficiency of the trial counsel. Consequently, this claim also has merit under the fourth prong of the *Martinez/Trevino* test.

## IV. CONCLUSION

For the foregoing reasons, I respectfully concur in part and dissent in part.