Opinion by Judge Fernandez; Dissent by Judge W. Fletcher.
OPINION
FERNANDEZ, Circuit Judge:
Luke M. Hunton appeals the district court’s dismissal of part of his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. He asserts that because he is raising a Brady[1] claim, he is not bound by the holdings of Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that preclude relief when a claim was not exhausted during the post-conviction review process on account of lack of counsel or ineffective assistance of counsel. We affirm.
BACKGROUND
After Hunton was convicted in the State of Washington of bank robbery and sentenced to imprisonment for life, he appealed and raised a claim that his due process right to discovery had been violated. See Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97. The Washington Court of Appeals, in effect, informed him that the claim must be raised in post-conviction relief proceedings. He, without benefit of counsel, did file a post-conviction relief proceeding, but did not raise the Brady claim. When review of the claims he did raise was denied, he filed this petition for habeas corpus relief in the district court. The district court ultimately dismissed the Brady claim because Hunton had procedurally defaulted in the state courts. He appeals and asserts that he can now raise the claim despite that default. We disagree.
JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court’s denial of his petition for habeas corpus relief de novo. See Lopez v. Schriro, 491 F.3d 1029, 1036 (9th Cir.2007). By the same token, we review the district court’s dismissal of his Brady claim due to procedural default de novo. See Scott v. Schriro, 567 F.3d 573, 580 (9th Cir.2009).
*1126 DISCUSSION
While Hunton agrees, as he must, that he did procedurally default on his Brady claim, he asserts that he may still pursue it because he was deprived of counsel at his post-conviction relief proceeding. However, that pursuit is blocked by a barrier that the Supreme Court clearly recognized over twenty years ago. See Coleman, 501 U.S. at 752-53, 111 S.Ct. at 2566. There, the Court declared that the petitioner’s assertion that a claim had been defaulted at his post-conviction relief proceeding due to ineffective assistance of counsel at that proceeding must fail because:
There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. Coleman contends that it was his attorney’s error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore Coleman must “bear the risk of attorney error that results in a procedural default.”
Id. (internal citations omitted). That would end our discussion, but there is a more recent development to consider.
In 2012, the Supreme Court gave further consideration to the general rule. See Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In that case, the Court did create one exception to Coleman; it declared that where ineffective assistance of counsel in a post-conviction relief proceeding results in a failure to assert that there was ineffective assistance of counsel in the trial proceedings, the claim would be cognizable. Id. at -, 132 S.Ct. at 1320. But, said the Court:
The rule of Coleman governs in all but the limited circumstances recognized here.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.
In addition, the limited nature of the qualification to Coleman adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona’s decision to bar defendants from raising ineffective-assistance claims on direct appeal. Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal.
Id.; see also McKinney v. Ryan, 730 F.3d 903, 913, No. 09-99018 at slip op. 16, 2013 WL 5066368 (9th Cir. Sept. 16, 2013); Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir.2012).
Therefore, the question before us is quite uncomplicated. The Supreme Court has told us that a person cannot raise a claim of ineffective assistance of post-conviction relief counsel because he is not entitled to post-conviction relief counsel, but that is subject to an exception where trial counsel was ineffective and the claim could not be raised earlier. The Court made it plain that the exception extended no further.[2] We recognize that the dissent in Martinez was dubious about the limitation itself, and as much as said that the *1127 Court was being disingenuous and that its decision “insults the reader’s intelligence.” Martinez, — U.S. at-, 132 S.Ct. at 1321 (Scalia, J., dissenting); see also Trevino, — U.S. at ——, 133 S.Ct. at 1924 (Scalia, J., dissenting). Well, no doubt it is the prerogative of dissenting Justices of the Supreme Court to be skeptical about the majority’s pronouncements regarding the limits of its opinions, but it is not for us to treat those pronouncements as floccinaucities. We must take the Court at its word.
Yet, it is not surprising to have enterprising lawyers seek to cross the barriers and limitations noted by the Court. Not surprising, but not sufficient to allow us to move those barriers. Thus, we need not and will not consider the detail of Hunton’s arguments, except to say that a formal deductive logician might be troubled by an argument whose structure is: “X” is an important right and “Y” does not apply to it; “Z” is an important right; therefore, “Y” does not apply to “Z.” But, even if “[t]he life of the law has not been logic,”[3] and even if Hunton has presented a plausible position, we cannot change our decision here.
CONCLUSION
We remain bound by Coleman, which requires that we reject Hunton’s attempt to have us remove the obstacle it presents. If Coleman’s revetment is to be torn down, it is not for us to do it. Rather, we must “follow the case which directly controls, leaving to [the] Court the. prerogative of overruling its own decisions.” Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 1921-22, 104 L.Ed.2d 526 (1989); see also Agostini v. Felton, 521 U.S. 203, 237-38, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997).
AFFIRMED.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Since then the Court has added that when, in practice, state courts will not hear claims of ineffective assistance of trial counsel on direct appeal, the situation is the same as that when state courts expressly deny permission to raise those claims on direct appeal. If there is a distinction, it "is a distinction without a difference." See Trevino v. Thaler, - U.S. -, -, 133 S.Ct. 1911, 1921, 185 L.Ed.2d 1044 (2013). Nothing we decide here is affected by that addition.

. Oliver Wendell Holmes, Jr., The Common Law 1 (1881).