MEMORANDUM *
Petitioner Dewoyne Curtis Potts appeals the district court’s denial of his application for habeas relief. Because the state court erred when it required Petitioner to show a “strong likelihood,” instead of only a “reasonable inference,” of purposeful discrimination at the first step of its analysis under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), our review is de novo. Wade v. Terhune, 202 F.3d 1190, 1197 (9th Cir.2000). We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court’s judgment and remand for an evidentiary hearing on Petitioner’s claim.
At the first step of the Batson analysis, a defendant’s burden to establish a prima facie- case of purposeful discrimination is very low. Johnson v. California, 545 U.S. 162, 170, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). In this case, three factors combined to satisfy Petitioner’s burden: (1) the excused juror was the only African-American juror who remained on the panel after others had been excused for cause, (2) the prosecutor misstated the juror’s voir dire testimony when he sought to excuse her for cause, and (3) two other jurors who were not African-American had similar experiences but were not excused peremptorily. At Batson’s first step, the state court was not entitled to speculate as to potential non-discriminatory reasons that the prosecutor may have had for excusing the juror. Paulino v. Harrison, 542 F.3d 692, 699-700 (9th Cir.2008).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.