SILER, J., delivered the opinion of the court in which BATCHELDER, J., joined, and COLE, C.J., joined in part. COLE, C.J. (pp. 717-24), delivered a separate opinion concurring in part and dissenting in part.
OPINION
SILER, Circuit Judge.
Abu-Ali Abdur’Rahman (formerly known as James Lee Jones), a Tennessee death-row prisoner, appeals the district court’s judgment denying his Fed.R.Civ.P. 60(b) motion for relief from the 1998 judgment denying his 28 U.S.C. § 2254 habeas corpus petition. Abdur’Rahman has also filed a motion to remand. For the reasons stated below, we AFFIRM the district court’s judgment and DENY the motion to remand.
FACTUAL AND PROCEDURAL BACKGROUND
In 1987, Abdur’Rahman was convicted of first-degree murder, assault with intent to commit first-degree murder, and armed robbery. He was sentenced to death for the murder charge and to life imprisonment for the other charges. The Tennessee Supreme Court affirmed the convictions and sentences. State v. Jones, 789 S.W.2d 545 (Tenn.1990). Abdur’Rahman petitioned for post-conviction relief in state court. He alleged, inter alia, ineffective assistance of counsel at sentencing and prosecutorial misconduct for failing to turn over exculpatory evidence. The trial and appellate courts denied him relief. See Jones v. State, No. 01C01-9402-CR-00079, 1995 WL 75427 (Tenn.Crim.App. Feb. 23, 1995). Abdur’Rahman filed his § 2254 petition in 1996. In 1998, the district court granted Abdur’Rahman relief on his claim that trial counsel performed ineffectively by failing to investigate and present mitigating evidence. Abdur’Rahman v. Bell, 999 F.Supp. 1073, 1091-1102 (M.D.Tenn.1998). This court vacated the district court’s decision, concluding that Ab-dur’Rahman was not prejudiced by his counsel’s performance at sentencing. Abdur’Rahman v. Bell, 226 F.3d 696, 708-09, 715 (6th Cir.2000).
*712 Abdur’Rahman filed a Rule 60(b) motion in 2001. After procedural rulings by the district court, this court, and the Supreme Court, we granted Abdur’Rahman a certificate of appealability with respect to two claims: whether the prosecution violated Abdur’Rahman’s rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding his co-defendant’s pretrial statements, and whether the prosecution violated Brady by withholding a police report which indicated that Abdur’Rahman was mentally disturbed at the time of his arrest. We held that the prosecution did not violate Brady with respect to the codefendant’s pretrial statements because Abdur’Rahman knew the content of the statements and knew that the codefendant had met with the prosecution before trial. Abdur’Rahman v. Colson, 649 F.3d 468, 474-75 (6th Cir.2011). Regarding Abdur’Rahman’s behavior after he was arrested, we found that trial counsel knew something happened after his arrest, interviewed the police officer about what happened, and could have obtained a separate report on the incident. Therefore, the suppression of the report did not undermine our confidence in Ab-dur’Rahman’s sentence. Id. at 475-76. Abdur’Rahman also argued that the two Brady claims certified for appeal should have been cumulated with prosecutorial misconduct or ineffective assistance of counsel claims from his habeas petition. We concluded that because Abdur’Rahman had failed to raise a cumulative error claim in state court he could not raise one for the first time in habeas. Id. at 473. Moreover, review of the cumulative error arguments was foreclosed because they were not certified for appeal. Id.
The subject of this appeal is the Rule 60(b) motion Abdur’Rahman filed in March 2013. He asked the district court to reopen claims he alleged had been found procedurally defaulted, arguing that in the wake of Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), “the federal courts have no interest in enforcing a judgment now shown to be predicated on non-existent procedural defaults.” The district court directed Ab-dur’Rahman to state each' claim for which he sought relief from judgment, cite where that claim appears in the Amended Petition, and cite where the district court dismissed the claim on procedural grounds. Abdur’Rahman responded by stating that he was presenting two claims: (1) cumulative error affecting his sentencing arising from prosecutorial misconduct and ineffective assistance of counsel; and (2) an improper jury instruction regarding accomplice testimony and trial counsel’s and appellate counsel’s failure to challenge the instruction. The district court concluded that Martinez and Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), did not apply to cases arising in Tennessee because Tennessee courts offer a meaningful opportunity to raise claims of ineffective assistance of trial counsel on direct appeal. However, the district court subsequently granted a certificate of appealability on “the issue of whether the Respondent’s procedural defenses to certain claims are still viable in light of the Supreme Court’s decisions in Martinez ... and Trevino.”
After the district court issued its certificate of applicability, this court ruled that Martinez and Trevino are applicable to criminal convictions in Tennessee. See Sutton v. Carpenter, 745 F.3d 787, 789 (6th Cir.2014). In response to that decision, Abdur’Rahman filed a motion for remand back to the district court. The motion was subsequently referred to this panel for consideration along with the merits.
STANDARD OF REVIEW
This court reviews the denial of a Rule 60(b) motion for an abuse of discre *713 tion. See McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750 (6th Cir.2013), cert. denied, — U.S. -, 134 S.Ct. 998, 187 L.Ed.2d 847 (2014). A mov-ant seeking relief under Rule 60(b)(6) must show “extraordinary circumstances” justifying the reopening of a final judgment, and such circumstances rarely occur in habeas cases. Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Carter v. Anderson, 585 F.3d 1007, 1011 (6th Cir.2009). “[I]t ‘is well established that a change in decisional law is usually not, by itself, an “extraordinary circumstance” meriting Rule 60(b)(6) relief.’ ” Henness v. Bagley, 766 F.3d 550, 557 (6th Cir.2014), cert. denied, — U.S. -, 135 S.Ct. 1708, 191 L.Ed.2d 683 (2015) (quoting McGuire, 738 F.3d at 750; see also Stokes v. Williams, 475 F.3d 732, 735 (6th Cir.2007); Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir.2001)).
APPLICABLE LAW
In Martinez, the Supreme Court held that ineffective assistance or lack of collateral counsel may constitute cause to excuse the procedural default of an ineffective assistance of trial counsel claim. Martinez, 132 S.Ct. at 1320. “Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habe-as court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.” Id. A substantial claim is one that has some merit and is debatable among jurists of reason. Id. at 1318-19 (citing Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). Martinez only permits ineffective assistance of post-conviction counsel to excuse the default of ineffective assistance of trial counsel claims, and does not extend to “appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State’s appellate courts.” Martinez, 132 S.Ct. at 1320. Moreover, Martinez does not apply to excuse the default of a claim of ineffective assistance of appellate counsel. Hodges v. Colson, 727 F.3d 517, 531 (6th Cir.2013), cert. denied, — U.S. —, 135 S.Ct. 1545, 191 L.Ed.2d 642 (2015).
Trevino applied the Martinez exception to Texas “where ... state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.” 133 S.Ct. at 1921. Because Martinez and Trevino apply in Tennessee, “ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant’s procedural default of a substantial claim of ineffective assistance at trial.” Sutton, 745 F.3d at 795-96 (citing Martinez, 132 S.Ct. at 1320). Tennessee’s procedural law makes it almost impossible for a defendant to present an ineffective assistance of trial counsel claim on direct appeal, and Tennessee courts have directed defendants to raise such claims on collateral review. Id. at 792-93.
DISCUSSION
In light of our decision in Suttonit is clear that the district court erred when it ruled that Martinez and Trevino did not apply to a case arising in Tennessee. However, the issue certified for appeal was whether Martinez and Trevino had an impact on the specific claims raised by Ab-dur’Rahman, and we may affirm a district court’s ruling on any ground supported by *714 the record. United States v. Phillips, 752 F.3d 1047, 1049 (6th Cir.2014), cert. denied, — U.S. -, 135 S.Ct. 464, 190 L.Ed.2d 348 (2014).
Although Martinez applies to cases arising in Tennessee, it does not apply to the claims in Abdur’Rahman’s motion. The first claim is not one of ineffective assistance of trial counsel. The second claim, to the extent it includes a claim of ineffective assistance of trial counsel, was not defaulted. And even if Martinez did apply, that case was a change in decisional law and does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief. See Henness, 766 F.3d at 557. Nor does Abdur’Rahman point to any other extraordinary circumstances; there are no newly developed facts since the denial of his habeas petition and previous Rule 60(b)(6) motion and the Martinez exception is not a change in the constitutional rights of criminal defendants, see Martinez, 132 S.Ct. at 1318.
I. Cumulative Error
In earlier litigation, Abdur’Rahman asserted that he was not making a separate claim of cumulative error. Abdur’Rahman, 999 F.Supp. at 1083 n. 10. In his most recent appeal, Abdur’Rahman argued as he does now that his individual Brady claims should be cumulated with prosecutorial misconduct or ineffective assistance of counsel claims from his § 2254 petition. This court held that he had procedurally defaulted his cumulative error claim by failing to raise it on direct appeal or in post-conviction proceedings and that it was not certified for appeal. Abdur’Rahman, 649 F.3d at 472-73. Martinez does not provide grounds for Ab-dur’Rahman to excuse the default of his cumulative error claim because the Supreme Court limited its ruling to the default of substantial claims of ineffective assistance of trial counsel. See Trevino, 133 S.Ct. at 1918; Martinez, 132 S.Ct. at 1320. Abdur’Rahman argues that his direct appeal counsel were ineffective for failing to preserve his cumulative error claim. But Martinez does not apply to claims of ineffective assistance of appellate counsel. See Martinez, 132 S.Ct. at 1320; Hodges, 727 F.3d at 531.
Even if we were to dissect the cumulative error claim and separately analyze Abdur’Rahman’s underlying claims of Brady violations and prosecutorial misconduct, Martinez would not apply to those claims because the Court limited Martinez to claims of ineffective assistance of trial counsel that were procedurally defaulted by lack of or ineffective assistance of post-conviction counsel. Martinez, 132 S.Ct. at 1320; see also Hunton v. Sinclair, 732 F.3d 1124, 1126-27 (9th Cir.2013) (refusing to extend Martinez to a Brady claim defaulted by state post-conviction counsel), cert. denied, — U.S. -, 134 S.Ct. 1771, 188 L.Ed.2d 602 (2014). Moreover, even if Martinez applied to these types of claims, it would not apply here because, as we explain below, Abdur’Rahman did not default them.
In his Rule 60(b) motion, Abdur’Rahman listed seven instances of prosecutorial misconduct that he claimed contributed to his cumulative error claim. First, he alleged that the prosecution withheld the transcript of Abdur’Rahman’s 1972 murder trial, which he claimed could have established that he had been mentally ill since that time and that he killed the victim in that case because of the victim’s homosexual advances rather than a drug turf war. We reviewed the claim on its merits and found no Brady violation. Abdur’Rahman, 649 F.3d at 478. Second, Abdur’Rahman charged that the prosecutor withheld a report by Detective Mark Garafola about Abdur’Rahman’s behavior on the day of *715 his arrest, which Abdur’Rahman claimed would have shown he was mentally disturbed. We again found no Brady violation. Id. at 476-78.
Third, Abdur’Rahman alleged that the prosecution withheld evidence from a pretrial statement by a co-defendant that the murder was orchestrated by the South East Gospel Ministry (SEGM). We found no Brady violation because Abdur’Rahman knew that the co-defendant had talked to the prosecutor about the SEGM and Ab-dur’Rahman testified similarly at trial. Id. at 473-75. Fourth, Abdur’Rahman claimed that the prosecutor lied to the trial court about Abdur’Rahman’s mental illness. After a series of appeals and remands, the district court reviewed the claim on the merits and denied it. Abdur’ Rahman v. Bell, No. 3:96-0380, 2009 WL 211133, at *16 (M.D.Tenn. Jan. 26, 2009).
Fifth, Abdur’Rahman alleged that the prosecutor lied to defense counsel about the 1972 conviction. According to Ab-dur’Rahman, the prosecutor told defense counsel that an FBI agent could testify that Abdur’Rahman killed the other prisoner as part of a drug turf war and defense counsel was too intimidated to put on evidence about the crime. The district court addressed the merits and found that there was no prosecutorial misconduct. Id. at *17. Sixth, Abdur’Rahman claimed that the prosecutor lied to the jury about Abdur’Rahman’s culpability by arguing that the defense’s theory that the SEGM orchestrated the killing was “bunk.” The district court rejected the claim on the merits. Id. at *6-9. Seventh, Abdur’Rah-man charged that the prosecutor showed the jury an indictment against Abdur’Rah-man for robbery in violation of a trial court order. The district court also addressed the merits of this claim. Id. at *18. Martinez 'does not apply to claims that were fully adjudicated on the merits in state court because those claims are, by definition, not procedurally defaulted. Detrich v. Ryan, 740 F.3d 1237, 1246 (9th Cir.2013) (en banc), cert. denied, — U.S. -, 134 S.Ct. 2662, 189 L.Ed.2d 230 (2014); see also Dansby v. Hobbs, 766 F.3d 809, 840 (8th Cir.2014) (holding that Martinez did not apply to ineffective assistance of counsel sub-claims that were not defaulted by post-conviction counsel), cert. denied, — U.S. -, 136 S.Ct. 297, 193 L.Ed.2d 46, 2015 WL 5774557 (2015); Lambrix v. Sec’y, Fla. Dep’t of Corr., 756 F.3d 1246, 1260-61 (11th Cir.) (holding that Martinez did not apply to case where ineffective assistance of trial counsel claims were reviewed on the merits in a § 2254 proceeding), cert. denied, — U.S. -, 135 S.Ct. 64, 190 L.Ed.2d 61 (2014); Schad v. Ryan, 732 F.3d 963, 966-67 (9th Cir.) (affirming denial of Rule 60(b) relief because petitioner’s “new” claim of ineffective assistance of trial counsel involved the same allegation as his original ineffectiveness claim), cert. denied, — U.S. -, 134 S.Ct. 417, 187 L.Ed.2d 273 (2013). Because the prosecu-torial misconduct and Brady claims were decided on the merits and not procedurally defaulted, Martinez does not apply.
Abdur’Rahman also argues that his trial counsel failed to investigate and present mitigating evidence. The state court found that Abdur’Rahman’s counsel’s performance was deficient but that he had not shown prejudice. Jones, 1995 WL 75427, at *2. We agreed. Abdur’Rahman, 226 F.3d at 708. Martinez does not apply to claims that were fully adjudicated on the merits in state court. See Martinez, 132 S.Ct. at 1320; Dansby, 766 F.3d at 840; Lambrix, 756 F.3d at 1260-61; Detrich, 740 F.3d at 1246; Schad, 732 F.3d at 966-67. Accordingly, Abdur’Rahman cannot relitigate this claim, and the viability of the Warden’s procedural defenses is unaffected by Martinez and Trevino.
*716 II. Improper Jury Instruction Regarding Accomplice Testimony
Martinez is also inapplicable to Ab-dur’Rahman’s claims that the trial court failed to instruct the jury that it could not convict Abdur’Rahman unless there was evidence to corroborate his accomplice’s testimony, and that trial and appellate counsel were ineffective for failing to raise this issue. Martinez applies only to claims of ineffective assistance of trial counsel, not trial errors or claims of ineffective assistance of appellate counsel. See Martinez, 132 S.Ct. at 1320; Dansby, 766 F.3d at 833; Hodges, 727 F.3d at 531; Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir.2012); Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir.2012). This disposes of the first and third components of Abdur’Rah-man’s argument.
Abdur’Rahman does not show, nor do the district court decisions reflect, whether he procedurally defaulted the ineffective assistance of trial counsel component of this claim. If he did not, Martinez would not apply because the claim is not defaulted. See Martinez, 132 S.Ct. at 1320; Dansby, 766 F.3d at 840; Lambrix, 756 F.3d at 1260-61; Detrich, 740 F.3d at 1246; Schad, 732 F.3d at 966-67.
If, however, he did default the claim, the Martinez exception would not apply because the underlying claim is not substantial. See Martinez, 132 S.Ct. at 1320. Under Tennessee law, a conviction cannot be based upon the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn.1994), superseded by statute on other grounds as stated in State v. Odom, 137 S.W.3d 572, 580-81 (Tenn.2004). There must be independent evidence, however slight, from which the jury can infer that the defendant committed the crime. State v. Gaylor, 862 S.W.2d 546, 552 (Tenn.Crim.App.1992). A trial court’s failure to give an accomplice instruction can be harmless error if the accomplice’s testimony is corroborated sufficiently. See State v. Ballinger, 93 S.W.3d 881, 888 (Tenn.Crim.App.2001), overruled on other grounds by State v. Collier, 411 S.W.3d 886, 899-900 (Tenn.2013). Abdur’Rahman’s codefendant was an accomplice as a matter of law, so the trial court should have instructed the jury that his testimony had to be corroborated. See State v. Robinson, 239 S.W.3d 211, 227-28 (Tenn.Crim.App.2006); State v. Perkinson, 867 S.W.2d 1, 7-8 (Tenn.Crim.App.1992).
On direct appeal, Abdur’Rahman challenged the sufficiency of the evidence to support his conviction for first-degree murder. The Tennessee Supreme Court concluded that, although there was some conflict between the co-defendant’s testimony and that of other prosecution witnesses, the evidence was sufficient to uphold the conviction. The surviving victim of Abdur’Rahman’s attack testified, and there was physical evidence tying him to the crimes. Jones, 789 S.W.2d at 550. Because there was sufficient evidence to corroborate the accomplice’s testimony, any error by the trial court in its jury instructions was harmless. See Ballinger, 93 S.W.3d at 888.' Because Abdur’Rahman was not prejudiced by his trial counsel’s failure to request a jury instruction about the need for evidence to corroborate his accomplice’s testimony, the claim he seeks to reopen is not substantial. See Martinez, 132 S.Ct. at 1318-19. Therefore, the Warden’s procedural defenses to this ineffective-assistance-of-counsel claim are unaffected by Martinez and Trevino.
As a change in decisional law, Martinez does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief. Henness, 766 F.3d at 557. Moreover, none of Abdur’Rahman’s claims involve substan *717 tial claims of ineffective assistance of trial counsel that were procedurally defaulted by inadequate post-conviction counsel. Therefore, Martinez does not apply to the claims in Abdur’Rahman’s Rule 60(b) motion.
CONCLUSION
For the foregoing reasons, the district court’s judgment is AFFIRMED, and the motion to remand is DENIED.