NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO V. SENIOR, Jr., | No. 16-35842 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00952-JCC |
| v. | |
| MARGARET GILBERT, Superintendent, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 13, 2018
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and TEILBORG,[**] District Judge.

Petitioner-Appellant Alfonso V. Senior, Jr. ("Senior") appeals the district court's dismissal of his ineffective assistance of counsel claim as procedurally defaulted in its denial of Senior's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

we affirm.

We review a district court's decision to grant or deny a petition for habeas corpus de novo. *See Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000) (citing *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999)). We likewise review de novo whether a prisoner asserting a habeas claim exhausted state remedies. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) (citing *Harris v. Pulley*, 885 F.2d 1354, 1370 (9th Cir. 1988)).

"[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), *modified*, *Martinez v. Ryan*, 566 U.S. 1 (2012). Here, it is undisputed that Senior failed to present the ineffective assistance of counsel claim during his post-conviction appeal to the Washington Supreme Court after previously raising the claim to the Washington Court of Appeals. Accordingly, the relevant claim is now procedurally barred for lack of exhaustion in state court.

The district court rejected Senior's argument that *Martinez* excuses a *pro se* petitioner's failure to present his claim in a motion for discretionary review to a state supreme court. In *Martinez*, the Supreme Court established "a narrow exception" to procedural defaults in holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's

procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. The Supreme Court made clear that this exception "does not extend to attorney errors in any proceeding *beyond the first occasion* the State allows a prisoner to raise a claim of ineffective assistance at trial[.]" *Id*. at 16 (emphasis added). Thus, the exception does not apply to "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id*. (citations omitted).

This court previously recognized that "[t]he [Supreme] Court in *Martinez* was careful to restrict its holding to ineffective assistance in the initial-review collateral proceeding in state court." *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013) (reading the *Martinez* exception as specifically limited to "procedural default by postconviction counsel at the initial-review collateral proceeding"). The fact that Senior was appearing *pro se* when he failed to exhaust his ineffective assistance of counsel claim at the Washington Supreme Court is of no effect. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("On its face, *Martinez* provides no support for extending its narrow exception to new categories of procedurally defaulted claims. *Martinez* did not purport to displace *Coleman* as the general rule governing procedural default.").

Accordingly, "[w]e remain bound by *Coleman*, which requires that we reject [Senior]'s attempt to have us remove the obstacle it presents." *Hunton v. Sinclair*,

16-35842

732 F.3d 1124, 1127 (9th Cir. 2013); *see also Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015) (stressing that "further substantive expansion" of *Martinez* is "not . . . forthcoming"). And Senior has not otherwise established "cause and prejudice" to excuse his default under *Coleman*. 501 U.S. at 724. Thus, Senior is not entitled to habeas relief on his ineffective assistance of counsel claim.

Finally, we reject Senior's uncertified claim that the introduction of an out-of-court statement by an unavailable witness violated his Sixth Amendment rights under the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). The record does not support Senior's claim and Senior cannot make a substantial showing that he was denied a constitutional right as required to expand the certificate of appealability. *See Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017); 28 U.S.C. § 2253(c)(2).

**AFFIRMED**.