**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEWOYNE CURTIS POTTS,

           Petitioner-Appellant,

  v.

JOHN GARZA,

           Respondent-Appellee.

No.   17-56410

D.C. No.
2:07-cv-01312-PSG-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 14, 2019
Pasadena, California

Before: CALLAHAN, CHRISTEN, and R. NELSON, Circuit Judges.

Dewoyne Potts appeals from the district court's denial of his habeas petition

that alleged that the prosecutor's peremptory challenge to an African-American

juror in his state robbery trial was racially motivated. The district court, on remand

from the Ninth Circuit, held an evidentiary hearing allowing the state to proffer a

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

racially neutral basis for the challenge and for petitioner to rebut that showing.

The prosecutor asserted he had excused Juror 2405 because her son had recently

been misidentified as a criminal suspect and held overnight by the police. The

district court concluded that this was an adequate race-neutral reason, and that

Potts had not demonstrated that race was a substantial motivating factor behind the

peremptory challenge. We affirm.[1]

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court set out a

three-step burden-shifting framework for evaluating claims of discriminatory

peremptory strikes. At step one, the defendant (petitioner) bears the burden of

producing sufficient evidence to permit the trial judge to draw an inference of

discrimination; at step two, the burden shifts to the state to explain the racial

exclusion by offering permissible race-neutral justifications for the strike; and at

step three the trial court must determine "whether the opponent of the strike has

proved purposeful racial discrimination." *Shirley v. Yates*, 807 F.3d 1090, 1095

(9th Cir. 2015).

Our prior memorandum disposition in this case, *Potts v. Harman*, 588 F.

App'x 620 (9th Cir. 2014), established first that because the state court applied an

---

[1]    The facts are familiar to the parties and are restated here only as necessary to resolve the issues presented by this appeal.

improper standard ("strong likelihood"), the federal courts had to apply *Batson* de novo. Second, we determined that Potts had met his burden of establishing a prima facie case of purposeful discrimination. Accordingly, on remand, the district court held an evidentiary hearing to allow the state to offer race-neutral justifications for striking Juror 2405, and for Potts to rebut any such showing. The district court concluded at step three that Potts "had not demonstrated that 'race was a substantial motivating factor' in [the prosecutor's] strike of Juror 2405."

The denial of a habeas petition is reviewed de novo, *Hunton v. Sinclair*, 732 F.3d 1124, 1125 (9th Cir. 2013), but the district court's determination concerning purposeful discrimination at the third step of the *Batson* inquiry is a question of fact that is reviewed for clear error. *Shirley*, 807 F.3d at 1107; *Paulino v. Harrison*, 542 F.3d 692, 699 (9th Cir. 2008). The petitioner has the ultimate burden of proving purposeful discrimination by a preponderance of the evidence. *Currie v. McDowell*, 825 F.3d 603, 605 (9th Cir. 2016). To prove a *Batson* violation, a petitioner must demonstrate that race was a substantial motivating factor in the prosecutor's use of the peremptory challenge. *Id*. at 606. However, the district court's evaluation of the prosecutor's state of mind is entitled to considerable deference. *Hernandez v. New York*, 500 U.S. 352, 365 (1991); *Cook v. LaMarque*, 593 F.3d 810, 815 (9th Cir. 2010).

3

The prosecutor maintains that he excused Juror 2405 because, within a year of the trial, her son had been misidentified as a criminal suspect and held in jail overnight. The district court determined that this was a race-neutral reason even though Juror 2405's son was African-American and the woman who misidentified him was white. This determination is reasonable, particularly as the trial judge in 2002 questioned whether Juror 2405, despite being "very honest and candid," could put the incident out of her mind.

The prosecutor's failure to further question Juror 2405 does not show pretext, nor does his questioning of Jurors 7027 and 1612. Once Juror 2405 revealed the incident with her son and stated that she did not think it would affect her performance as a juror, there was no apparent need for the prosecutor to ask additional questions. Also, there were race-neutral reasons for the prosecutor's questioning of other potential jurors, such as Jurors 7027 and 1612, because their answers revealed incidents that, although more remote in time than Juror 2405's son's mistaken arrest, might have created bias against the police.

Finally, the record adequately supports the district court's determination that the prosecutor was credible despite his apparent misstatement of Juror 2405's position to the trial court in 2002 and a "sloppy or misleading" declaration some thirteen years later concerning his remembrance of allegedly comparative jurors.

The district court found the prosecutor "to be a conscientious and earnest witness who attempted to answer questions designed to finely parse his memory of events that occurred more than a decade earlier as honestly and precisely as possible," and commented that, "in critical respects, his testimony was both internally consistent and consistent with his prior deposition testimony." Potts has not shown that the district court's credibility determination was clearly erroneous.

Following our remand the district court held an evidentiary hearing on Potts' prima facie showing of purposeful discrimination and determined that Potts had failed to show that race was a substantial motivating factor in the recusal of Juror 2405. As the district court's determinations are reasonably supported by the record, under the applicable standard of review, the district court's denial of Potts' habeas petition is **AFFIRMED**.